NOT DESIGNATED FOR PUBLICATION

No. 122,171

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERTO ANTONIO GALLEGOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Roberto Antonio Gallegos appeals the revocation of his probation and imposition of his underlying sentence. We granted Gallegos' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Gallegos pled no contest to aggravated arson, a severity level 6 person felony. He committed the arson in June 2018. He had a criminal history score of A and he faced a

1

presumptive prison sentence. The sentencing court granted him a downward dispositional departure to probation for 24 months with a 43-month underlying prison term. As conditions of his probation, he was ordered to obey all laws and refrain from using illegal drugs.

In July 2019, the State moved to revoke Gallegos' probation because

- he tested positive for and admitted to using methamphetamine; and
- he walked out of a Dillons store without paying for merchandise, became hostile with law enforcement, and was cited for theft of property and interference with a law enforcement officer, two misdemeanors.

At the probation violation hearing, Gallegos denied the second violation. But as part of an agreement with the State, Gallegos stipulated to the first probation violation and the State recommended that Gallegos' probation be revoked and he serve a reduced sentence of 33 months in prison. The district court revoked Gallegos' probation and ordered him to serve a reduced 33-month prison sentence. As authority for the revocation, the court cited the fact that Gallegos was only on probation as the result of a downward dispositional departure. Gallegos timely appeals.

ANALYSIS

Once a probation violation has been established the district court's decision to revoke the offender's probation and impose the underlying sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A judicial action constitutes an abuse of discretion if the action (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). The judicial action is unreasonable when no reasonable person

2

would have taken the same action. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Kansas statute limits the court's discretion in deciding how to sanction a felony probation violator. K.S.A. 2017 Supp. 22-3716(c). The statute provides that a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if the probation "was originally granted as the result of a dispositional departure granted by the sentencing court." K.S.A. 2017 Supp. 22-3716(c)(8)(A), (c)(9)(B).

Here, the district court did not make an error of fact or law. The court had the statutory authority to revoke Gallegos' probation because he was granted probation as the result of a downward dispositional departure. The district court's decision to revoke the probation was also not unreasonable particularly given that Gallegos agreed to the revocation in exchange for a recommendation by the State for a reduced sentence.

Affirmed.